**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLOMBIA**

| | | |
|---|---|---|
| MASTER SALES LLC d/b/a/ COCONARA, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | Hon. |
| NABIL ZAKOUR d/b/a NARA POR FAVOR, distributor; HOOKAH PLUS, distributor; SEVEN STARS WHOLESALE, LLC., distributor; YOUSEF HAIDAR, distributor; PHILO DISTRIBUTION, distributor; EXCELENTE SMOKE SHOP, distributor; THE HOOKAH SHOP, distributor; DOES 1-100, | ) ) ) ) ) ) ) ) ) ) ) ) | **COMPLAINT** |
| Defendants. | ) ) | |

**COMPLAINT**

NOW COMES Plaintiff, MASTER SALES LLC d/b/a COCONARA (hereinafter referred to as **"Master Sales"** or **"CocoNara"**), by and through its undersigned counsel, for its complaint against Defendants, and alleges as follows:

**Nature of the Action**

1.      This is an action for counterfeiting, trademark infringement, trade dress infringement, trademark dilution, false designation of origin and false advertising under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, 1125(a) and (c)); unlawful trade practices under the D.C. Consumer Protection Procedures Act (D.C. Code § 28-3904); and unfair competition, copyright infringement and unjust enrichment under the common law of the District of Colombia.

**Jurisdiction and Venue**

2.      Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to copyright and trademarks). This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

3.      This Court has personal jurisdiction over the individual Defendant(s) and the entities pursuant to FRCP 4(k)(2) because the action arises under federal law, the defendants are not subject to the jurisdiction of any state, and the Defendants' contacts with the United States as a whole are sufficient to satisfy the requirements of due process.

4.      Venue is properly founded in this judicial district to pursuant to 28 U.S.C. §§ 1391(b) and (c) because the defendants are subject to the courts personal jurisdiction in this district pursuant to FRCP 4(k)(2) and a substantial part of the events giving rise to the claims in this action occurred within this District.

**Parties**

5.      Plaintiff, Master Sales LLC d/b/a CocoNara, is a limited liability corporation duly organized and existing under the laws of the District of Columbia, with its principal place(s) of business in the District of Columbia.

6.      Defendant, Nabil Zakour d/b/a Nara Por Favor is a distributor located at 1076 Main Street, Paterson, New Jersey 07503.

7.      Defendant, Hookah Plus, is a distributor located at 11 W 27th Street, New

York, New York 1001.

8.      Defendant, Seven Stars Wholesale, LLC, is a distributor located at 4450 Bordentown Avenue, Suite A, Old Bridge, New Jersey 08857.

9.      Defendant, Yousef Haidar, is a distributor located at 2634 National Dr. Brooklyn, New York 11234.

10.     Defendant, Philo Distribution, is a distributor located at 2660 Route 130, Cranbury, New Jersey 08512.

11.     Defendant, Excelente Smoke Shop, is a distributor located at 919 Main Street, Paterson, New Jersey 07503.

12.     Defendant, The Hookah Shop, is a distributor located at 23 Meadow Street, Suite C, Brooklyn, New York, 11205.

13.     Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES and therefore sues them by their fictitious names. Plaintiff will seek leave to amend this Complaint when their true names and capacities are ascertained. Based on information and belief, said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and at all times referenced herein, each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

14.     Based on information and belief and at all times relevant herein, Defendants and DOES knew or should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behaviors. Plaintiffs further allege that Defendants and DOES have a non-

delegable duty to prevent or cause such acts and behavior described herein, which duty

Defendants and DOES failed and/or refused to perform.

## FACTS

### The Famous CocoNara Brand and Products

15.     Master Sales LLC d/b/a "CocoNara" was founded in 2006 and has used its

legally protected trademark, trade dress, and design elements/copyrights for over eight

years on and in connection with the advertisement and sale of its products (the

"CocoNara Marks").

16.     Master Sales manufactures and distributes a wide variety of hookah

related products, ranging from hookah accessories to hookah tobacco. The primary goals

of the business fall into four distinct areas: charcoal, creative and innovative products,

restaurants and hookah pipes (arguileh).

17.     Master Sales manufactures and imports its goods directly from Indonesia,

Jordan, Lebanon and several other countries for worldwide distribution and sale. Master

Sales handles their products from on board ship through to the shelves of the

supermarkets and shops, ensuring that their customers, and their high standards, are fully

satisfied.

18.     Master Sales sells its products both online at: https://www.coco-

nara.us/products.aspx, through wholesale distributors and through retail stores in the

United States.

19.     Master Sales prides itself on its holistic approach to business, including its

endless appetite for innovation and a translated application of those innovations on a

worldwide basis.

20.     One of Master Sales' most lucrative products is its all-natural CocoNara charcoal, made from coconut shells for use on or in connection with hookah products.

21.     CocoNara is an environmentally-friendly product which is made of 100% natural ingredients, is extremely-long burning, economical to use, and is both tasteless and odorless. Unlike the traditional wood and manufactured coals on the market, CocoNara does not produce any sparks, smoke or smell during ignition or use. It does not self-extinguish, and it produces very little ashes.

22.     CocoNara was traditionally available in three (3) different sizes, packaged in 16-, 45-, and 108-piece sets. See Exhibit C. Three (3) additional packaging sizes have recently been introduced, including 20-, 60-, and 120-piece sets.

23.     CocoNara was the first coconut brand hookah coal on the market and has developed considerable goodwill as a result of the company's innovative drive and the high quality of the product. The CocoNara Marks and the goodwill associated therewith are extremely important and valuable assets of Master Sales' business.

24.     Master Sales has expended substantial time, money, effort and other resources in developing, advertising, and otherwise promoting its all-natural charcoal product and the associated CocoNara mark.

25.     As a result, products bearing the CocoNara mark are widely recognized and exclusively associated by relevant consumers, the public, and the trade as being one of the most superior brands of high quality, all-natural charcoal products sourced from Master Sales, and having acquired strong secondary meaning.

**<u>The CocoNara Trademark</u>**

26.     Master Sales[1] is the owner of the following United States Federal

Trademark Registrations (hereinafter collectively referred to as the "**CocoNara**

**Trademarks**"), which are registered on the Principal Register of the United States Patent

and Trademark Office:

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3391640 | COCONARA | 4 for *inter alia* charcoal briquettes. | March 4, 2008 | COCONARA |
| 3391641 | COCONARA | 4 for *inter alia* charcoal briquettes. | March 4, 2008 | |
| 4431787 | COCONARA TOBACCO | 34 for *inter alia* flavored tobacco, hookah tobacco, molasses tobacco, and smoking tobacco. | November 12, 2013 | COCONARA TOBACCO |

27.     These registrations are valid, subsisting, in full force and effect. See

Exhibit A-B. In addition, the two marks in question, i.e., the "standard character"

CocoNara word mark and the "special form" CocoNara design logo, have become

incontestable pursuant to 15 U.S.C. § 1065 as they have been registered for more than

[1] All trademarks registered in Raed Haidar's name were assigned in full on August 1, 2014 to Master Sales for use on or in connection with the above-cited goods.

five (5) consecutive years without contest.

28.     The registration of the marks constitutes prima facie evidence of their validity and conclusive evidence of Master Sales' exclusive right to use the CocoNara Trademarks in connection with the goods identified therein and other commercial goods.

29.     The registration of the marks also provides sufficient notice to Defendants of Master Sales' ownership and exclusive rights in the CocoNara Trademarks.

30.     The CocoNara Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

31.     The CocoNara Trademarks at issue in this case have been continuously used and have never been abandoned.

### The CocoNara Trade Dress

32.     Master Sales is the owner of a unique and distinctive trade dress consisting of a combination of one or more features, including the arrangement of words, symbols, color and general presentation of the packaging or container for its CocoNara products.

33.     Consumers immediately identify CocoNara as the single source of high quality, natural products bearing the CocoNara Trade Dress.

34.     The CocoNara Trade Dress associated with CocoNara products are independent of the functional aspects of the CocoNara products.

35.     Master Sales has employed the CocoNara Trade Dress associated with its products exclusively and without interruption, and the CocoNara Trade Dress has never been abandoned.

### Defendant's Acts of Infringement and Unfair Competition

36.     Upon information and belief, Defendant are engaged in designing,

manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the CocoNara Marks (hereinafter referred to as the "Infringing Products"). Defendant's specific conduct includes, among other things:

a.  Advertising, promoting, distributing, selling and/or offering for sale counterfeit products bearing the CocoNara Marks from the following distributors/wholesalers:

i.  Nabil Zakour d/b/a Nara Por Favor located at 1076 Main Street, Paterson, New Jersey 07503.

ii.  Hookah Plus located at 11 W 27th Street, New York, New York 1001.

iii.  Seven Start Wholesale, LLC located at 4450 Bordentown Avenue, Suite A, Old Bridge, New Jersey 08857.

iv.  Yousef Haidar located at 2634 National Dr. Brooklyn, New York 11234.

b.  Advertising, promoting, distributing, selling and/or offering for sale counterfeit products bearing the CocoNara Marks from the following retail establishments:

i.  Al-Jana Food Market located at 6826 Bustleton Avenue, Philadelphia, Pennsylvania 19149.

ii.  Elias Farmers Market located at 3131 Linden Street, Bethlehem, Pennsylvania 18017.

iii.  Elias Farmers Market located at 101 Tilghman Street,

Allentown, Pennsylvania 18012.

    iv. Asian Spice Food located at 4205 Chestnut Avenue,

Philadelphia, Pennsylvania 19104.

    v. Mukmas located at 8255 Bustlelton Avenue, Philadelphia,

Pennsylvania 19152.

    vi. Al Amana Food Market located at 6746 Busteleton Ave,

Philadelphia, Pennsylvania 19149.

c. By way of example, in or about July of 2014, Master Sales' representative

was notified by one of its distributors that suspected counterfeit products

were being offered for sale at several Pennsylvania retail stores. After

purchasing the suspected counterfeit and upon closer inspection, it was

determined that the products were not manufactured by Master Sales.

While these products purported to be manufactured by CocoNara and

copied CocoNara's mark and packaging, including the traditional 15-, 45-,

and 108 piece sets, Master Sales did not manufacture or authorize the sale

of these products.

d. Similar counterfeit products were discovered in the New York, New

Jersey and Washington, DC, including 54-piece sets bearing the CocoNara

Mark, a size that has never been produced by Master Sales and Master

Sales has never authorized its sale. See Exhibit D. The traditional 108-

piece size boxes were discovered as well, but the packages were

noticeably smaller than the authentic CocoNara products manufactured by

Master Sales and its authorized manufacturers. See Exhibit E-F. Even the

charcoal contained inside the package are smaller and of a quality inferior to those used and manufactured by Master Sales. See Exhibit G.

    e.    Another Counterfeit was discovered on the market called "CocoNut Charcoal," bearing a substantially similar mark to that of CocoNara. See Exhibit H. Master Sales' distributors purchased several of these products and discovered CocoNara's flyer inside the box, containing CocoNara's business, website, and contact information. See Exhibit I. The charcoal contained inside the box is not manufactured by Master Sales or its authorized manufacturers and is not in any way associated with the CocoNara brand.

37.    The counterfeit products are of extremely poor quality and Master Sales has received several complaints regarding the health problems incurred as a result of these imitation products.

38.    Defendants are well aware of the extraordinary and continually-increasing fame and strength of the CocoNara Brand and the CocoNara Marks, and the incalculable goodwill associated therewith.

39.    Defendant have no license, authority, or other permission from Master Sales to use any of the CocoNara Marks in connection with the designing, manufacturing, advertising, promoting, distributing, selling and/or offering for sale of the Infringing Products.

40.    Defendants have been engaged in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Master Sales' rights, or with bad faith, for the purpose of

trading on the goodwill and representation of the CocoNara Marks and CocoNara products.

41.     Defendant's activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Infringing Products and Master Sales.

42.     Upon information and belief, Defendants intend to continue to design manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Infringing Products, unless otherwise restrained.

43.     Master Sales is suffering irreparable injury and has suffered substantial damages as a result of Defendant's activities.

<u>**COUNT I**</u>
**Trademark Counterfeiting, 15 U.S.C. § 1114**

44.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-43 as though fully set forth herein.

45.     Defendants, without authorization from Master Sales, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, CocoNara's Trademarks.

46.     The foregoing acts of Defendants are intended to cause, have caused, and are like to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' infringing Products are genuine or authorized products of Master Sales.

47.     Upon information and belief, Defendants have acted with knowledge of Master Sales' ownership of the Master Sales Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the

CocoNara Marks. (company was first to the market and have developed significant goodwill in the industry)

48.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

49.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

50.     Upon information and belief, Defendants intend to continue their infringing acts. Unless restrained by this Court.

51.     Defendants' acts have damaged and will continue to damage Master Sales, and Master Sales has suffered irreparable harm as a result thereof.

## COUNT II
### Trademark Infringement, 15 U.S.C. § 1114

52.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-51 as though fully set forth herein.

53.     Defendants, without authorization from Master Sales, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from Master Sales' Trademarks.

54.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Master Sales.

55.     Upon information and belief, Defendants have acted with knowledge of Master Sales' ownership of the Master Sales Trademarks and with deliberate intention or willful blindness to unfairly benefit from the goodwill symbolized thereby.

56.     Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

57.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

58.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

59.     Defendants' acts have damaged and will continue to damage Master Sales, and Master Sales has suffered irreparable harm as a result thereof.

## COUNT III
### Trade Dress Infringement, 15 U.S.C. § 1125(a)

60.     Plaintiff realleges and incorporates by reference the allegation set forth in paragraphs 1-59 as though fully set forth herein.

61.     The Master Sales Trade Dresses are used in commerce, non-functional, inherently distinctive, and have acquired secondary meaning in the marketplace.

62.     Defendants, without authorization from Master Sales, have designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, products which contain a collection of design elements that is confusingly similar to the Master Sales Trade Dresses.

63.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade who recognize and associate the Master Sales Trade Dresses with Master Sales. Moreover, Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive consumers, the public, and the trade as to the source of the Infringing Products, or as to a possible affiliation, connection or association between

Master Sales, the Defendants, and the Infringing Products.

64.     Upon information and belief, Defendants have acted with knowledge of Master Sales' ownership of the Master Sales Trade Dresses and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

65.     Defendants' acts constitute trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

66.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

67.     Upon information and belief, Defendant intend to continue their infringing acts, unless restrained by this Court.

68.     Defendants' acts have damaged and will continue to damage Master Sales, and Master Sales has suffered irreparable harm as a result thereof.

## COUNT IV
### False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a)

69.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-68 as though fully set forth herein.

70.     Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the Infringing Products, together with Defendants' use of other indicia associated with Master Sales is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Products, and is intended, and is likely to cause such parties to believe in error that the Infringing Products have been authorized, sponsored, approved, endorsed or licensed by Master Sales, or that Defendants are in some way affiliated with Master

Sales.

71.     The foregoing acts of Defendants constitute a false designation of origin, and false and misleading descriptions and representation of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

72.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

73.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

74.     Defendants' acts have damaged and will continue to damage Master Sales, and Master Sales has suffered irreparable harm as a result thereof.

**COUNT V**
**Trademark Dilution, 15 U.S.C. § 1125(c)**

75.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-74 as though fully set forth herein.

76.     The CocoNara Trademarks are strong and distinctive marks that have been in use for over eight years and have achieved enormous and widespread recognition in the hookah industry.

77.     The CocoNara Trademarks are famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

78.     Defendant's use of the Infringing Products, without authorization from Master Sales, is diluting the distinctive quality of the CocoNara Trademarks and decreasing the capacity of such marks to identify and distinguish CocoNara products.

79.     Defendants have intentionally and willfully diluted the distinctive quality of the famous CocoNara Trademarks in violation of Section 43(c) of the Lanham Act (15

U.S.C. § 1125(c)).

80.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

81.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

82.     Defendants' acts have damaged and will continue to damage Master Sales' reputation, and Master Sales has suffered irreparable harm as a result thereof.

**COUNT VI**
**Unlawful Trade Practices under the District of Colombia's**
**Consumer Protection Procedures Act, D.C. Code § 28-3904**

83.     Plaintiff realleges and incorporates by reference the allegation set forth in paragraphs 1-82 as though fully set forth herein.

84.     Defendants, without authorization from Master Sales, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the CocoNara Marks.

85.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Master Sales.

86.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and Coach Trade Dresses and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

87.     Defendants' activities constitute unlawful trade practices in violation of the District of Colombia's Consumer Protection Procedures Act, which prohibits

counterfeiting, trademark and trade dress infringement, and similar activities which deceive consumers as to the source, quality, or origin of goods. D.C. Code § 28-3904.

88.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

89.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

90.     Defendants' acts have damages and will continue to damage Master Sales.

### COUNT VII
### Common Law Copyright Infringement

91.     Plaintiff realleges and incorporates by reference the allegation set forth in paragraphs 1-90 as though fully set forth herein.

92.     CocoNara's design logo contains artistic and original elements that are protected from infringement under D.C.'s common law for copyright.

93.     Upon information and belief, Defendants has access to and copied the design logo present on the packaging for CocoNara products.

94.     Defendant intentionally infringed Master Sales' copyright in the CocoNara design logo by creating and distributing the Infringing Products, which are packaged in boxes that incorporate elements substantially similar to the copyrightable matter present in the CocoNara design logo, without Master Sales' consent or authorization.

95.     The foregoing acts of Defendants have infringed Master Sales' valid copyright in violation of the common law of the District of Colombia.

96.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

97.     Upon information and belief, Defendants intend to continue their

infringing acts, unless restrained by this Court.

98.     Defendants' acts have damaged and will continue to damage Master Sales, and Master Sales has suffered irreparable harm as a result thereof.

## COUNT VIII
### Common Law Unfair Competition

99.     Plaintiff realleges and incorporates the allegation set forth in paragraphs 1-98 as though fully set forth herein.

100.    The foregoing acts of Defendants constitute unfair competition in violation of the common law of the District of Colombia.

101.    Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

102.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

103.    Defendants' acts have damaged and will continue to damage Master Sales, and Master Sales has suffered irreparable harm as a result thereof.

## COUNT IX
### Unjust Enrichment

104.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-103 as though fully set forth herein.

105.    The acts complained of above constitute unjust enrichment of Defendants at Master Sales' expense, in violation of the common law of the District of Colombia.

**WHEREFORE**, Master Sales respectfully requests that this Court enter judgment against Defendants as follows:

A.   Finding that: (i) Defendant have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (ii) Defendants have employed unfair, unconscionable or deceptive trade practices in violation of DC Consumer Protection Procedures Act, D.C. Code § 28-3904; (iii) Defendant have engaged in unfair competition under the common law of the District of Colombia; (iv) Defendant shave engaged in copyright infringement in violation of the District of Colombia common law; and (v) that Defendants have been unjustly enriched in violation of the District of Colombia common law.

B.   Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entitles in active concert or participation with them from:

1.     manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the CocoNara Marks, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Infringing Products, and engaging in any other activity constituting an infringement of any of Master Sales' rights in the CocoNara Marks;

2.     engaging in any other activity constituting unfair competition with Master Sales, or acts and practices that deceive consumers, the public, and/or trade including without limitation, the use of

designations and design elements associated with Master Sales;

        3.     engaging in any other activity that will cause the distinctiveness of the Master Sales Trademarks or Master Sales Trade Dresses to be diluted; or

       C.  Requiring Defendants to recall from any distributors and retailers and to deliver to Master Sales for destruction or other disposition of all remaining inventory of all Infringing Products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

       D.  Requiring Defendants to file with this Court and serve on Master Sales within thirty days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which defendants have complied with the injunction;

       E.  Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from delivering any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Master Sales, or is related in any way with Master Sales and/or its products;

       F.  Awarding Master Sales statutory damages of $2,000,000 per counterfeit mark per type of good used in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, ordering Defendant to account to and pay to Master Sales all profits realized by their wrongful acts and also awarding Master Sales its actual damages, and also directing that such profits or

actual damages by trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117).

       G.   Awarding Master Sales actual and punitive damages to which it is entitled under applicable federal and state laws;

       H.   Awarding Master Sales its costs, attorney's fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117) and the District of Colombia's Consumer Protection Procedures Act (D.C. Code § 28-3904).

       I.   Awarding Master Sales pre-judgment interest on any monetary award made part of the judgment against Defendants; and

       J.   Awarding Master Sales such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Master Sales requests a trial by jury in this matter.

Dated: October 29, 2014             Master Sales, LLC

                       By:   /s/ Haytham Faraj
                            Haytham Faraj
                            Its attorney
                            The Law Offices of Haytham Faraj
                            105 West Adams Street
                            Suite 2150
                            Chicago, Il 60603
                            312-635-0800
                            haytham@farajlaw.com

## Exhibit A

Int. Cl.: 4

Prior U.S. Cls.: 1, 6 and 15

**United States Patent and Trademark Office**

Reg. No. 3,391,641
Registered Mar. 4, 2008

### TRADEMARK
### PRINCIPAL REGISTER



HAIDAR, RAED (LEBANON INDIVIDUAL)
2204 40TH PL NW #2
WASHINGTON, DC 20007

FOR: CHARCOAL BRIQUETTES, IN CLASS 4 (U.S. CLS. 1, 6 AND 15).

FIRST USE 2-1-2006; IN COMMERCE 6-15-2006.

THE COLOR(S) DARK BROWN, LIGHT BROWN, ORANGE, BLACK, WHITE AND GRAY IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF HALF OF A COCONUT, SHADED FROM LIGHT BROWN TO DARK BROWN WITH THREE BLACK DOTS IN A TRIANGLE AT THE BOTTOM REPRESENTING THE MARKS ON A NATURAL COCONUT, WITH ITS OPEN SIDE UP LIKE A BOWL AND WITH STYLIZED SMOKE COMING UP OUT OF THE BOWL,

IN SHADED DARK BROWN TO LIGHT BROWN COLORING SPELLING OUT "NARA," OR "FIRE" IN STYLIZED ARABIC SCRIPT; BELOW THIS IMAGE, "COCONARA" IS WRITTEN, ALSO STYLIZED, WITH THE TWO "C"S IN THE SHAPE OF 1/4-SIZE COCONUT PIECES (THE RIMS IN DARK BROWN AND THE INSIDES IN WHITE WITH GRAY SHADING), THE TWO "O"S IN THE SHAPE OF OPEN 1/2 COCONUTS (THE RIMS IN DARK BROWN AND THE INSIDES IN WHITE WITH GRAY SHADING), AND THE "N," "A," "R," AND "A" COLORED ORANGE AND OUTLINED IN DARK BROWN.

THE NON-LATIN CHARACTERS IN THE MARK TRANSLITERATE TO "NARA" AND THIS MEANS "FIRE" IN ENGLISH.

SER. NO. 77-227,601, FILED 7-12-2007.

KELLEY WELLS, EXAMINING ATTORNEY

**Exhibit B**

Int. Cl.: 4

Prior U.S. Cls.: 1, 6 and 15

**United States Patent and Trademark Office**

Reg. No. 3,391,640

Registered Mar. 4, 2008

**TRADEMARK**
**PRINCIPAL REGISTER**

# COCONARA

HAIDAR, RAED (LEBANON INDIVIDUAL)
2204 40TH PL NW #2
WASHINGTON, DC 20007

FOR: CHARCOAL BRIQUETTES, IN CLASS 4
(U.S. CLS. 1, 6 AND 15).

FIRST USE 2-1-2006; IN COMMERCE 6-15-2006.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 77-227,579, FILED 7-11-2007.

KELLEY WELLS, EXAMINING ATTORNEY

**Exhibit C**



**Exhibit D**



**Exhibit E**



**Exhibit F**



**Exhibit G**



**Exhibit H**



Exhibit I

